**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In Re: | ) | Case No. 13 B 43846 |
| | ) | |
| MARK JACKSON, | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | Hon. Eugene R. Wedoff |

**OBJECTION OF FIRST INVESTORS SERVICING CORPORATION TO
CONFIRMATION OF DEBTOR'S PROPOSED CHAPTER 13 PLAN**

FIRST INVESTORS SERVICING CORPORATION ("First Investors"), a creditor herein, by its attorneys, David J. Frankel of the law firm of Sorman & Frankel, Ltd., respectfully requests this Court, pursuant to Sections 506(a), 1325(a)(5)(B)(iii) and 1326(a)(1) of the Bankruptcy Code, 11 U.S.C. §§506(a), 1325(a)(5)(B)(iii), 1326(a)(1) (West 2013), and such other Sections and Rules as may apply, for its Objection to confirmation of Debtor's proposed Chapter 13 Plan, states as follows:

1. On November 11, 2013, Debtor, Mark Jackson ("Debtor") filed a Voluntary Petition for Relief (the "Petition") under Chapter 13 of the Bankruptcy Code and proposed Chapter 13 Plan (the "Plan"), which is scheduled for a confirmation hearing on January 30, 2014.

2. As reflected in the documents attached hereto as Exhibit "A", First Investors is a secured creditor of the Debtor with respect to a certain indebtedness secured by a lien upon a 2010 Dodge Avenger motor vehicle bearing a Vehicle Identification Number ("VIN") of 1B3CC5FV8AN110465 (the "Vehicle"). (See Ex. "A"). Debtor purchased the Vehicle on June 14, 2010, i.e., more than 910 days prior to the date of commencement of these proceedings.

THIS LAW FIRM IS ATTEMPTING TO COLLECT A DEBT.
ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

3. As set forth in the Retail Installment Contract (the "Contract") attached as part of Exhibit "A", Debtor was required to tender equal monthly payments to First Investors, each in the sum of $765.61 with an interest rate of 19.07%.  (See Ex. "A").

4. Debtor has failed to provide First Investors with proof of insurance for the Vehicle and has failed to make required payments to First Investors, either directly or through the Chapter 13 Trustee in these proceedings, resulting in a default and a total outstanding balance due to First Investors from Debtor in the sum of $28,543.55.

5. Notwithstanding the foregoing, Debtor's Plan identifies First Investors as a secured creditor with regard to the Vehicle only in the sum of $13,925.00 with a proposed interest rate of 5.00% per annum on that portion of its claim that Debtor deems secured.  (See Plan at §E.3(a)).  Further, Debtor's Plan proposes fixed, equal monthly installment payments to First Investors of only $188.54, and further proposes that Debtor's attorney's fees be disbursed at a higher priority level than First Investors' Claim, thereby preventing First Investors from receiving any disbursements in this case until after Debtor's attorney's fees are paid in full.

6. The foregoing conduct is inconsistent with applicable provisions of the Bankruptcy Code.  By failing to adequately provide for First Investors in the Plan, Debtor has invoked the "cram down" provisions of the Code, 11 U.S.C. §1325(a)(5)(B), to attempt to reduce First Investors' secured claim from $28,543.55 with an interest rate of 19.07% to a lesser amount, *i.e.*, $13,925.00 payable with a 5.00% interest rate.  However, as held by the United States Supreme Court in <u>Associates Commercial Corp. v. Rash (In re Rash)</u>:

> Under the cram down option, the debtor is permitted to keep the property over the objection of the creditor; the creditor retains the lien securing the claim ... and the debtor is required to provide the creditor with payments, over the life of the plan, that will total the

First Investors/Jackson/Objection to Plan    2

> present value of the allowed secured claim, *i.e.*, the present value of the collateral.

520 U.S. 953, 957, 117 S.Ct. 1879, 138 L.Ed.2d 148 (1997). Furthermore, as noted by the In re Rash Court, "under §506(a), the value of the property retained because the debtor has exercised the §1325(a)(5)(B) cram down option is the cost the debtor would incur to obtain a like asset for the same proposed ... use." 520 U.S. at 960 (internal citations omitted).

7. In light of the holding of In re Rash, Debtor should be required to provide in their plan for payment to First Investors of the value of its secured claim, *i.e., the lesser of the amount due under the contract or the current retail value of the Vehicle.* As reflected in the NADA Official Used Car Guide Appraisal Report attached as Exhibit "B", the retail value of the Vehicle is no less than $13,925.00.

8. Further, Debtor's proposed Plan fails to provide payments to First Investors for the present value of its claim because the Plan does not provide for adequate interest payments. Debtor's Plan proposes an interest rate of 5.00% despite First Investors' per annum interest rate of 19.07% as set forth in its Proof of Claim and the Retail Installment Contract pursuant to which Debtor purchased the Vehicle (See Ex. "A").

9. Debtor's Plan fails to take into account the Seventh Circuit's holding in Koopmans v. Farm Credit Services of Mid-America, ACA that a "creditor is entitled to the rate of interest it could have obtained had it foreclosed and reinvested the proceeds in loans of equivalent duration and risk." 102 F.3d 847. 875 (7th Cir. 1996) (see also General Motors Acceptance Corp. v. Jones, 999 F.2d 63, 65 (3rd Cir. 1993) ("the rate of interest under §1325(a)(5)(B)(ii) is that which the secured creditor would charge, at the effective date of the

THIS LAW FIRM IS ATTEMPTING TO COLLECT A DEBT.
ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

plan, for a loan similar in character, amount and duration to the credit which the creditor will be required to extend under the plan.").

10. The foregoing standard for determining the proper rate of interest to be paid on a secured claim has also been clarified by the United States Supreme Court in <u>Till v. SCS Credit Corp.</u>, 124 S.Ct. 1951 (2004), which held that courts must determine the appropriate rate of interest to be paid to a secured creditor in a Chapter 13 Plan by providing that creditor with a "risk adjustment" sufficient to compensate it for the added risk of the Debtor having commenced bankruptcy proceedings. To determine the appropriate "risk adjustment", the Supreme Court held that a Court addressing this issue must consider: (1) the circumstances of the estate; (2) the nature of the security; (3) the duration of the proposed reorganization plan; (4) the feasibility of the proposed reorganization plan; and, (5) the characteristics of the loan.

11. The circumstances of Debtor's bankruptcy estate, wherein Debtor's financial condition has presumptively deteriorated since the date of purchase of the Vehicle, thus necessitating the commencement of these proceedings, clearly show that Debtor could not obtain financing at a rate lower than the 19.07% interest rate provided in the contract at issue. To the extent that Debtor's proposed Chapter 13 Plan, or any amendments thereto, does not provide First Investors with a rate of interest on its secured claim equivalent to the contract rate of interest, First Investors requests a hearing to determine the appropriate "risk adjustment" to apply to this Debtor and treatment of First Investors' secured claim.

12. Further, Debtor's proposed Plan fails to comply with Section 1325(a)(5)(B)(iii) of the Bankruptcy Code, which requires that all Chapter 13 Plans propose payments on secured claims in equal monthly installments in an amount to provide adequate

protection to the secured creditor, to the extent that Debtor's proposed Plan proposes fixed, equal monthly installment payments to First Investors of only $188.54, and further proposes that Debtor's attorney's fees be disbursed at a higher priority level than First Investors' Claim, thereby preventing First Investors from receiving any disbursements in this case until after Debtor's attorney's fees are paid in full.

13. In order to comply with the mandate set forth in Section 1325(a)(5)(B)(iii) of the Bankruptcy Code, Debtor is required to propose a Plan that provides equal, fixed monthly payments to First Investors in a manner sufficient to satisfy its secured claim, *i.e.*, $361.76 per month, as calculated by a secured claim value of $13,925.00 with a 19.07% interest rate amortized over sixty (60) months. (See Ex. "B").

14. First Investors' security interest in the Vehicle is not adequately protected since its collateral is a depreciating asset and the Vehicle continues to decrease in value as payments are not made to First Investors to compensate for same. Similarly, First Investors is not adequately protected against the Vehicle's depreciation pursuant to Debtor's proposed Chapter 13 Plan because the Vehicle will continue to depreciate at a faster rate than payments are received by First Investors pursuant to same.

15. Additionally, Debtor has not provided First Investors or its counsel with proof of a valid insurance policy for the Vehicle identifying First Investors as loss payee to protect First Investors' interest in the Vehicle from loss or destruction.

16. As such, Debtor's Plan fails to comply with applicable provisions of the Bankruptcy Code and must provide for and satisfy the objections specified herein to be feasible

THIS LAW FIRM IS ATTEMPTING TO COLLECT A DEBT.
ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

and provide First Investors adequate protection. As such, First Investors requests that this Court decline to confirm the Plan as presently proposed.

**WHEREFORE**, First Investors Servicing Corporation respectfully requests this Court to enter an Order, a proposed copy of which is attached as Exhibit "C", as follows:

A. Denying Debtor's request for confirmation of the Plan;

B. Requiring that Debtor's Plan be amended to propose monthly payments to First Investors towards full and complete satisfaction of a secured claim in the amount of $13,925.00 with an interest rate of 19.07% per annum, payable in equal, fixed monthly payments of $293.19; and,

C. For such other, further and different relief as this Court deems just and proper.

Respectfully submitted,

FIRST INVESTORS SERVICING CORPORATION,
Creditor,

David J. Frankel (Ill. #6237097)                By: _____/s/ David J. Frankel_____
Sorman & Frankel, Ltd.                                      One of its attorneys
203 N. LaSalle Street, Suite 2350
Chicago, Illinois 60601
(312)332-3535
(312)332-3545 (facsimile)

THIS LAW FIRM IS ATTEMPTING TO COLLECT A DEBT.
ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.